**E-Filed 2/5/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAFRONIA DODD-OWENS, et al., | Case Number C 06-3988 JF (HRL) |
| Plaintiffs, | ORDER[1] GRANTING MOTIONS TO DISMISS AND TO STRIKE WITH LEAVE TO AMEND |
| v. | |
| KYPHON, INC., | [re: docket no. 29, 30] |
| Defendant. | |

Defendant Kyphon, Inc. ("Kyphon") moves to dismiss the second and fourth claims in Plaintiffs' First Amended Complaint ("FAC") to the extent that they rely on the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940. Kyphon also moves to strike Plaintiffs' class action allegations, FAC ¶¶ 20-42. For the reasons discussed below, the motions will be granted with leave to amend.

**I. BACKGROUND**

The original complaint in this action was filed on June 27, 2006. Plaintiffs Safronia Dodd-Owens ("Dodd-Owens"), Natalie Amaya ("Amaya"), Tera Bryer, Tiffany Socha ("Socha"), Teri Carr, and Elizabeth Glus ("Glus") (collectively "Plaintiffs") complained of gender

---

[1] This disposition is not designated for publication and may not be cited.

discrimination by Kyphon, on behalf of themselves and all others similarly situated. The original complaint included nine claims pertaining to gender and pregnancy discrimination, sexual harassment, and retaliation in violation of California and federal law.

On October 27, 2006, Plaintiffs moved for leave to amend the complaint. On November 9, 2006, the Court issued an order directing that the FAC be filed as of right and denying as moot Kyphon's previously-filed motions to dismiss six claims and to strike the class action allegations from the complaint. The FAC includes ten claims, of which the first two are class action claims: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; (2) gender discrimination in violation of FEHA, Cal. Gov. Code § 12940; (3) pregnancy discrimination against Dodd-Owens in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; (4) retaliation against Dodd-Owens in violation of Title VII, 42 U.S.C. § 2000e-3; (5) retaliation against Amaya in violation of Title VII, 42 U.S.C. § 2000e-3; (6) pregnancy discrimination against Glus in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; (7) retaliation against Glus in violation of Title VII, 42 U.S.C. § 2000e-3 and Cal. Gov. Code § 12940(h); (8) sexual harassment against Glus in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; (9) pregnancy discrimination against Socha in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; and (10) retaliation against Socha in violation of Title VII, 42 U.S.C. § 2000e-3.

On November 29, 2006, Kryphon moved to dismiss the second and fourth claims to the extent that they rely on FEHA. Kryphon asserts that Plaintiffs cannot state a claim under FEHA because the alleged conduct occurred outside California. On the same date, Kryphon moved to strike the class action allegations, FAC ¶¶ 20-42 ("class action allegations"), from the FAC. Plaintiffs oppose both motions. The Court heard oral argument on February 2, 2007.

**II. DISCUSSION**

1.   Motion to Dismiss

     a.     Legal Standard

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the

complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995). However, under the "incorporation by reference" doctrine, the Court also may consider documents which are referenced extensively in the complaint and which are accepted by all parties as authentic, which are not physically attached to the complaint. *In re Silicon Graphics, Inc. Securities Litigation*, 183 F.3d 970 (9th Cir. 1999).

  b. Discussion

    i. Claim Two: Gender Discrimination in Violation of FEHA

Kyphon moves to dismiss the second claim of the FAC for gender discrimination in violation of FEHA. Kyphon argues that, as a matter of California law, Plaintiffs cannot state a claim because the alleged discrimination did not occur in California. Plaintiffs do not assert that any of them has lived or been employed in California. However, they oppose the motion on the basis that tortious conduct occurred in California because Kyphon management engaged in a pattern and practice of gender discrimination that was disseminated from within the state of California.

The parties have cited no binding Ninth Circuit or California Supreme Court authority as to whether FEHA applies to the allegations made against Kyphon in this action. A California Court of Appeal discussed this area of law in *Campbell v. ARCO Marine, Inc.*, 42 Cal.App.4th 1850 (1996).[2] That action was brought by a plaintiff who was not a resident of California. Her

---

[2] The parties cite no published decision on this topic subsequent to *Campbell*. The only cases cited by the parties are unpublished: *see Roger-Vasselin v. Marriott International, LLC*, 2006 WL 2038291 (N.D.Cal. 2006); *Otten v. Apple Computer, Inc.*, 2006 WL 438660 (Cal. App. 6 Dist. 2006); *Drolla v. ChevronTexaco Corp.*, 2004 WL 2750328 (Cal. App. 1 Dist. 2004).

1  official job functions were performed on the high seas with the exception of "occasional brief
2  stopovers in California" and "[t]he harassment of which she complained took place while the
3  ships were at sea except for one incident which occurred in the State of Washington." *Id.* at
4  1858.  The court concluded that the "relationship with California [was] slight," noting that while
5  the defendant company was headquartered in California, "no one in its headquarters participated
6  in or ratified the conduct." *Id.*  The court concluded that "[a]pplying the FEHA in this situation
7  would raise serious constitutional concerns" under the Commerce Clause of the United States
8  Constitution. *Id.*  The court rejected the view that FEHA applies "to all California-based
9  employers regardless of where the aggrieved employee resides and regardless of where the
10 tortious conduct took place." *Id.*  The court avoided the "difficult issues of constitutional law
11 [raised] by applying [California's] employment-discrimination regime to nonresidents employed
12 outside the state," *id.* at 1859, and concluded that FEHA "should not be construed to apply to
13 nonresidents employed outside the state when the tortious conduct did not occur in California."
14 *Id.* at 1860.

15     Plaintiffs identify a series of allegations in the FAC that they contend allege specific
16 tortious conduct in California.  *See* FAC ¶¶ 19, 56, 82, 105, 115, 150.  However, the cited
17 paragraphs do not state what aspects of the alleged conduct occurred in California.   While the
18 FAC appears to assert that the corporate officers named in the allegations ratified or participated
19 in the challenged conduct, it only implies that they were employed in California and does not
20 identify what actions, if any, they took in California.  If California-based employees participated
21 in or ratified the alleged tortious conduct, the complaint must so state with specificity so that the
22 Court can determine if these actions are sufficient to state a claim under FEHA.  As in *Campbell*,
23 the blanket allegation that Kyphon disseminated policies from within California is insufficient to
24 state a claim.  Obviously, Plaintiffs may not bring FEHA claims on behalf of the class if they
25 cannot state a claim under FEHA themselves.  Accordingly, the Court will dismiss the second

---

28 *Campbell* is discussed in one other unpublished opinion that was released during the briefing of this motion, *Guillory v. Princess Cruise Lines, LTD.*, 2007 WL 102851 (Cal. App. 2 Dist. 2007).

4

claim. The Court will grant Plaintiffs leave to amend to attempt to allege clearly and specifically the tortious conduct occurring in California.

          ii.      Claim Four: Retaliation Against Dodd-Owens

Claim Four will be dismissed for the same reasons as Claim Two. For the same reasons, leave to amend will be granted.

2.     Motion to Strike

Kyphon moves separately to strike the class action allegations on the basis that they are inherently and incurably defective for six reasons: (1) Plaintiffs assert multiple, but different, individual counts for themselves for which no parallel class remedies are sought; (2) common issues of law and fact will not predominate; (3) Plaintiffs are not typical of the class they seek to represent; (4) Plaintiffs' allegations contradict their argument that class treatment is superior; (5) Plaintiffs continue to aver an impermissible "liability-based" definition that renders the class unascertainable; and (6) the primary relief sought is damages.

          a.      Class Definition

Kyphon challenges the class definition provided by Plaintiffs as an improper liability-based class definition, or a "fail-safe class." Plaintiffs respond that Kyphon takes the challenged language out of context. The proposed definition is the following:

> The class includes, but is not necessarily limited to, all female citizens of the United States who are, or have been, employed by Kyphon in the United States as part of Kyphon's sales force. Kyphon's sales force includes, but is not limited to, Spine Education Specialists, Spine Associates and/or Spine Consultants ("Consultants") who have experienced gender discrimination at any time during the applicable liability period. All of the Class Representatives are proposed representatives of the class. Upon information and belief, there are approximately 100 members of the proposed class.

FAC ¶ 21. Kyphon challenges the phrase: "who have experienced gender discrimination at any time during the applicable liability period." Plaintiffs construe the language as only clarifying, not defining, the proposed class and refer to the phrase as "extraneous language." The Court perceives the basis for Kyphon's concern and does not see any need for extraneous language. Accordingly, the motion to strike will be granted in this respect.

          b.      Assertion of Individual Claims, Commonality and Typicality of Named Plaintiffs,

Superiority of Class Treatment, Relief Sought

Defendants have made a number of other challenges to the class allegations that assert weaknesses in the anticipated class and the predominant relief sought.  As it stated at oral argument, the Court believes that most of these challenges should be resolved in the context of a class certification motion.  However, the Court need not decide that question at this time. Because Plaintiffs must amend their complaint in any case, the Court encourages Plaintiff to amend their class allegations to the extent they believe is appropriate to address Defendant's concerns.

### III. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED with leave to amend and the motion to strike is GRANTED with leave to amend.

DATED: February 5, 2007.

_____
JEREMY FOGEL
United States District Judge

1  This Order was served on the following persons:

2  Frederick J. Geonetta        landglawyers@msn.com,

3  Harold R. Jones              hrj@severson.com, ano@severson.com

4  Thomas Marc Litton           tmlitton@compuserve.com,

5  Rhonda L. Nelson             rln@severson.com,

6  David W. Sanford             dsanford@nydclaw.com, fgilbert@nydclaw.com

7  Steven Lance Wittels         swittels@nydclaw.com, sprasad@nydclaw.com

8  Notice will be delivered by other means to:

9  Shayna Bloom
   Sanford Wittels & Heisler LLP
10 Suite 310
   1666 Connecticut Avenue NW
11 Washington, DC 20009

12 Angela Corridan
   Sanford Wittels & Heisler LLP
13 1666 Connecticut Avenue NW
   Suite 310
14 Washington, DC 20009

15 Laura Fentonmiller
   Sanford Wittels & Heisler LLP
16 1666 Connecticut Avenue, NW
   Suite 310
17 Washington, DC 20009

18 Jeremy Heisler
   Sanford Wittels & Heisler
19 950 Third Avenue
   10th Floor
20 New York, NY 10022

21 Grant Morris
   1666 Connecticut Avenue, N.W.
22 Suite 310
   Washington, DC 20009
23
   Stefanie Roemer
24 1666 Connecticut Avenue, N.W.
   Suite 310
25 Washington, DC 20009

26

27

28

7

Case No. C 06-3988 JF (HRL)
ORDER GRANTING MOTIONS TO DISMISS AND TO STRIKE WITH LEAVE TO AMEND
(JFLC1)