**E-Filed 6/6/07**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SAFRONIA DODD-OWENS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KYPHON, INC., <br><br> Defendant. | Case Number C 06-3988 JF (HRL) <br><br> ORDER[1] DENYING MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND <br><br> [re: docket no. 42, 51] |

## I.  BACKGROUND

The original complaint in this action was filed on June 27, 2006. Plaintiffs Safronia Dodd-Owens ("Dodd-Owens"), Natalie Amaya ("Amaya"), Tera Bryer, Tiffany Socha ("Socha"), Teri Carr, and Elizabeth Glus ("Glus") (collectively "Plaintiffs") complained of gender discrimination by Kyphon, Inc. ("Kyphon"), on behalf of themselves and all others similarly situated. The original complaint included nine claims alleging gender and pregnancy discrimination, sexual harassment, and retaliation in violation of California and federal law.

On October 27, 2006, Plaintiffs moved for leave to amend the complaint. On November

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-3988 JF (HRL)
ORDER DENYING MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND
(JFLC1)

9, 2006, the Court issued an order directing that the FAC be filed as of right and denying as moot Kyphon's previously-filed motions to dismiss six claims and to strike the class action allegations from the complaint. The FAC includes ten claims, of which the first two are asserted on behalf of a putative class: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; (2) gender discrimination in violation of FEHA, Cal. Gov. Code § 12940; (3) pregnancy discrimination against Dodd-Owens in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; (4) retaliation against Dodd-Owens in violation of Title VII, 42 U.S.C. § 2000e-3; (5) retaliation against Amaya in violation of Title VII, 42 U.S.C. § 2000e-3; (6) pregnancy discrimination against Glus in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; (7) retaliation against Glus in violation of Title VII, 42 U.S.C. § 2000e-3 and Cal. Gov. Code § 12940(h); (8) sexual harassment against Glus in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; (9) pregnancy discrimination against Socha in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; and (10) retaliation against Socha in violation of Title VII, 42 U.S.C. § 2000e-3.

On November 29, 2006, Kryphon moved to dismiss the second and fourth claims to the extent that they rely on FEHA because the alleged conduct occurred outside California. On the same date, Kryphon moved to strike the class action allegations, FAC ¶¶ 20-42 ("class action allegations"), from the FAC. Plaintiffs opposed both motions. On February 5, 2007, the Court granted both motions with leave to amend. On February 9, 2007, the Court issued a separate order directing that any amended complaint be filed by March 7, 2007 ("the February 9th Order").

On March 27, 2007, Kyphon moved to dismiss the class claims and the FEHA claims because Plaintiffs had failed to file an amended complaint, and asked the Court to set a date for it to respond to the remaining individual claims. On April 20, 2007, Plaintiffs moved to file a second amended complaint out of time and opposed the motion to dismiss. Kyphon opposes the motion to file a second amended complaint. The Court heard oral argument on May 25, 2007.

## II. LEGAL STANDARD

1.      Dismissal Under Rule 41(b)

2

Case No. C 06-3988 JF (HRL)
ORDER DENYING MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND
(JFLC1)

1   Fed. R. Civ. P. 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply
2   with these rules or any order of court, a defendant may move for dismissal of an action or of any
3   claim against the defendant." The Ninth Circuit has explained:

> Under our precedents, in order for a court to dismiss a case as a sanction, the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. We may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal. Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion.

*Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal citations and quotation marks omitted).

2.   Leave to Amend

A motion for leave to amend is governed by Federal Rule of Civil Procedure 15(a), which provides that "leave shall be freely given when justice so requires." In deciding whether to grant leave to amend, the Court will consider several factors, including: (1) undue delay by the party seeking the amendment; (2) prejudice to the opposing party; (3) bad faith; (4) futility of amendment; and (5) whether the party previously has amended its pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

### III. DISCUSSION

Plaintiffs assert that "any delay in filing the Second Amended Complaint is due [sic] the fact that, at the time Plaintiffs were required to file their Second Amended Complaint, Plaintiffs' counsel was still investigating developments in the case, conferring with a new plaintiff and finalizing the Amended Complaint." Opposition to Motion to Dismiss 4. Even if this is true, Plaintiffs should have moved for an extension of time to file an amended complaint. Plaintiffs describe their failure to do so as excusable neglect and assert that they were unaware of the deadline imposed by the February 9th Order. *Id.* Plaintiffs have eleven attorneys of record. The

3

1  February 9th Order was sent to ten of them: four by email[2] and six by mail.[3]  It also was posted
2  electronically.  The text of the order is less than three lines long and is not open to
3  misinterpretation.  Accordingly, the Court concludes that counsel for Plaintiffs have not provided
4  a reasonable explanation of their failure to comply with the Court's order.

5      Plaintiffs' failure to provide a reasonable explanation for their failure to comply with the
6  February 9th Order raises a strong inference of prejudice to Kyphon.  *See e.g. Yourish*, 191 F.3d
7  at 191; *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).  Moreover, Kyphon
8  asserts that it is prejudiced by Plaintiffs' continued disparagement of Kyphon and by Plaintiffs'
9  ongoing efforts to find additional plaintiffs in what they have referred to as their "$100 Million
10 lawsuit."  Hams Decl. ¶¶ 2-3.  However, even assuming prejudice, the Court concludes that the
11 remaining factors do not weigh sufficiently in favor of Kyphon to warrant dismissal of the
12 subject claims at the pleading stage.  Public policy weighs in favor of determining this action on
13 the merits.  While dismissal arguably would assist the Court in managing its docket, it likely
14 would not do so significantly, since, as Kyphon concedes, the action still would proceed with
15 respect to Plaintiffs' remaining claims, and other potential plaintiffs could join the action at a
16 later date or bring separate actions.  Other, less drastic sanctions also are available.  Accordingly,
17 the Court concludes that the individual FEHA and non-FEHA class claims should not be
18 dismissed merely because Plaintiffs failed to comply with the February 9th Order.

19      The Court concludes that leave to amend is appropriate as to the non-FEHA class action
20 and individual Title VII claims.  However, with respect to the amended FEHA class action claim,
21 the Court concludes that leave should not be granted.  As the Court explained in its prior order,
22 "[i]f California-based employees participated in or ratified the alleged tortious conduct, the
23 complaint must so state with specificity so that the Court can determine if these actions are

---

[2]  The February 9th Order also was emailed to two individuals who appear to be legal assistants to two of Plaintiffs' attorneys.

[3]  Seven of Plaintiffs' attorneys have not registered to receive notices of docket events via electronic filing.  They are hereby directed to register forthwith so that service may be made by email.  *See* General Order 45 § IV.A.

4

Case No. C 06-3988 JF (HRL)
ORDER DENYING MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND
(JFLC1)

1  sufficient to state a claim under FEHA." February 5th Order 4.  Even in Plaintiffs' untimely
2  amended complaint, the only class representative with alleged connections to California is the
3  newly-added Christy Wronikowski ("Wronikowski"), who began working with Kyphon in
4  Tennessee in August 2006 and was transferred to California in January 2007, six months after
5  this action was filed.  The proposed amended complaint does not allege the location of the
6  alleged tortious conduct.  The most reasonable inference from the allegations is that the alleged
7  harassment occurred in Tennessee, as it alleged that Wronikowski spoke with Steve Carmody
8  ("Carmody"), the manager who is the alleged source of the harassment, "before accepting the job
9  at Kyphon." Proposed Complaint ¶ 116.  The proposed complaint does not allege that Carmody
10 has a connection with California.  Under these circumstances, amendment of the FEHA claim
11 would appear to be futile.  Moreover, because no other purported class representative has a
12 connection with California, significant class composition issues likely would arise even if
13 another representative plaintiff could allege a connection with California.  While under other
14 circumstances it might consider granting further leave to amend, given Plaintiff's undue delay in
15 filing their current amended complaint, Plaintiffs' assertion that such delay was caused at least in
16 part by counsel's investigation of the facts and the ongoing burden of protracted motion practice
17 to both Kyphon and to the Court, the Court declines to grant Plaintiffs yet another additional
18 opportunity to overcome what appears to be a jurisdictional defect.  Accordingly, the Court
19 concludes that any FEHA claims against Kyphon, if such viable claims do exist, should be
20 brought in separate actions.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is DENIED and that the motion for leave to amend is GRANTED IN PART and DENIED IN PART.  Plaintiff shall file an amended complaint consistent with this order on or before June 12, 2007. The parties shall appear for a case management conference on June 29, 2007 at 10.30 a.m.

5

Case No. C 06-3988 JF (HRL)
ORDER DENYING MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND
(JFLC1)

1 DATED: June 6, 2007.

_____
JEREMY FOGEL
United States District Judge

6

Case No. C 06-3988 JF (HRL)
ORDER DENYING MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND
(JFLC1)

| | |
|---|---|
| 1 | This Order was served on the following persons: |
| 2 | Frederick J. Geonetta        landglawyers@msn.com, |
| 3 | Harold R. Jones              hrj@severson.com, ano@severson.com |
| 4 | Thomas Marc Litton           tmlitton@compuserve.com, |
| 5 | Rhonda L. Nelson             rln@severson.com, |
| 6 | David W. Sanford             dsanford@nydclaw.com, fgilbert@nydclaw.com |
| 7 | Steven Lance Wittels         swittels@nydclaw.com, sprasad@nydclaw.com |
| 8 | Notice will be delivered by other means to: |
| 9 | Shayna Bloom |
|   | Sanford Wittels & Heisler LLP |
| 10 | Suite 310 |
|   | 1666 Connecticut Avenue NW |
| 11 | Washington, DC 20009 |
| 12 | Angela Corridan |
|   | Sanford Wittels & Heisler LLP |
| 13 | 1666 Connecticut Avenue NW |
|   | Suite 310 |
| 14 | Washington, DC 20009 |
| 15 | Laura Fentonmiller |
|   | Sanford Wittels & Heisler LLP |
| 16 | 1666 Connecticut Avenue, NW |
|   | Suite 310 |
| 17 | Washington, DC 20009 |
| 18 | Jeremy Heisler |
|   | Sanford Wittels & Heisler |
| 19 | 950 Third Avenue |
|   | 10th Floor |
| 20 | New York, NY 10022 |
| 21 | Grant Morris |
|   | 1666 Connecticut Avenue, N.W. |
| 22 | Suite 310 |
|   | Washington, DC 20009 |
| 23 | |
|   | Stefanie Roemer |
| 24 | 1666 Connecticut Avenue, N.W. |
|   | Suite 310 |
| 25 | Washington, DC 20009 |
| 26 | Janette Wipper |
|   | Sanford Wittles & Heisler, LLp |
| 27 | 1666 Connecticut Avenue NW |
|   | Suite 310 |
| 28 | Washington, DC 20009 |

7

Case No. C 06-3988 JF (HRL)
ORDER DENYING MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND
(JFLC1)