**E-Filed 10/12/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAFRONIA DODD-OWENS, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>KYPHON, INC.,<br><br>　　　　　　　　　Defendant. | Case Number C 06-3988 JF (HRL)<br><br>ORDER[1] GRANTING MOTION TO STRIKE AND GRANTING LEAVE TO AMEND<br><br>[re: docket nos. 29, 30] |

　　Defendant Kyphon, Inc. ("Kyphon") moves to strike Plaintiffs' class action allegations. Second Amended Complaint ("SAC") at ¶¶ 20-42. For the reasons discussed below, the motion will be granted, with leave to amend.

**I.  BACKGROUND**

　　The original complaint in this action was filed on June 27, 2006. Plaintiffs Safronia Dodd-Owens ("Dodd-Owens"), Natalie Amaya ("Amaya"), Tera Bryer, Tiffany Socha ("Socha"), Teri Carr, and Elizabeth Glus ("Glus") (collectively "Plaintiffs") complained of gender discrimination by Kyphon, on behalf of themselves and all others similarly situated. The original complaint included nine claims pertaining to gender and pregnancy discrimination, sexual

---

　　[1] This disposition is not designated for publication and may not be cited.

1  harassment, and retaliation in violation of California and federal law.

2  On October 27, 2006, Plaintiffs moved for leave to amend the complaint. On November
3  9, 2006, the Court issued an order directing that the First Amended Complaint ("FAC") be filed
4  as of right and denying as moot Kyphon's previously-filed motions to dismiss six claims and to
5  strike the class action allegations from the complaint. The FAC included ten claims, of which
6  the first two were class action claims: (1) gender discrimination in violation of Title VII of the
7  Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; (2) gender discrimination in
8  violation of The Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940; (3)
9  pregnancy discrimination against Dodd-Owens in violation of Title VII, 42 U.S.C. § 2000e, *et*
10 *seq.*; (4) retaliation against Dodd-Owens in violation of Title VII, 42 U.S.C. § 2000e-3; (5)
11 retaliation against Amaya in violation of Title VII, 42 U.S.C. § 2000e-3; (6) pregnancy
12 discrimination against Glus in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; (7) retaliation
13 against Glus in violation of Title VII, 42 U.S.C. § 2000e-3 and Cal. Gov. Code § 12940(h); (8)
14 sexual harassment against Glus in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; (9)
15 pregnancy discrimination against Socha in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; and
16 (10) retaliation against Socha in violation of Title VII, 42 U.S.C. § 2000e-3.

17 On November 29, 2006, Kryphon moved to dismiss the second and fourth claims to the
18 extent that they relied upon FEHA. On the same date, Kryphon moved to strike the class action
19 allegations from the FAC. FAC at ¶¶ 20-42. Noting that many of the challenges in the motion to
20 strike likely should be resolved in the context of a motion for class certification, the Court
21 granted both motions with leave to amend. On February 9, 2007, the Court set a March 7, 2007
22 filing deadline for Plaintiffs' amended pleading.

23 Plaintiff, however, failed to comply with the filing deadline, and Kyphon responded with
24 Rule 41(b) motion to dismiss. Following a May 25, 2007 hearing, the Court granted Kyphon's
25 motion to dismiss in part, dismissing Plaintiffs' FEHA claims without leave to amend, and
26 granted Plaintiffs' leave to file a second amended complaint consistent with the February 9 order.

27
28

The SAC contains only one class action claim for gender discrimination under Title VII.[2] Defendant has moved to strike this claim. Plaintiffs oppose the motion. The Court heard oral argument on September 14, 2007.

## II. STANDARD OF REVIEW

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation. *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Allegations "supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant." *Id*. Moreover, allegations that contribute to a full understanding of the complaint as a whole need not be stricken. *Id*.

## III. DISCUSSION

A motion to strike a class allegation is governed by Rule 23. *See, e.g.*, *Bennett v. Nucor Corp.*, No. 3:04 CV 00291, 2005 WL 1773948 at * 2 n.1 (E.D. Ark. July 6, 2005). Plaintiffs and Defendant dispute the appropriate timing of a Rule 23 review. Plaintiffs argue that Defendant's motion to strike on Rule 23 grounds is premature insofar as it is brought prior both to a motion for certification and prior to discovery. Defendant responds that this case is ripe for Rule 23 review and Plaintiffs that have no absolute entitlement to discovery.

Defendant argues that the Court must evaluate the propriety of the class prior to a motion for class certification because "Rule 23 itself mandates that '[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained.'" Reply Memorandum at 1. However, Defendant overstates this requirement. In 2003, Congress amended Rule 23, replacing "as soon as practicable after the commencement of an action," with "at an early practicable time." This change was not cosmetic;

---

[2] Plaintiffs' SAC also contains six individual claims for retaliation under Title VII.

rather the Advisory Committee explained:

> Time may be needed to gather information. Although an evaluation for the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to conduct controlled discovery into the 'merits," limited to those aspects relevant to making the certification decision on an informed basis. . . . A critical need is to determine how the case will be tried.

F. Rule Civ. Pro. Rule 23(c)(1)(A) Advisory Committee Notes; *see also Hurley v. U.S. Healthworks Med. Group*, No. 05-0017, 2006 WL 1788994 at *4 & n.1 (E.D. Wash. June 27, 2006) (explaining the amendment and noting that the amended language is "substantially different"). While this amendment does not dictate that courts postpone Rule 23 analysis in every case until a motion for class certification has been made, it is clear from the Committee's notes that the purpose of the amendment was to provide courts with more time and flexibility to permit discovery and make informed decisions regarding class certification.

Citing cases decided before the amendment,[3] Defendant next argues that it is not necessary for the Court to defer the certification decision until discovery has been conducted because Plaintiffs have no absolute right to discovery. Defendants are correct in the sense that even after the amendment it is within the court's discretion whether or not to permit discovery. However, in exercising this discretion, courts must be mindful of the complexity of certification:

> [T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action. Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary of the court to probe behind the pleadings before coming to rest on the certification question. Even after a certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation.

*Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982). The present case is not one in which it is "plain enough from the pleadings" whether the certification requirements are met. Instead, there

---

[3] Defendant does cite one case decided after the amendment of Rule 23, *Bennet v. Nucor Corp.*, No. 3:04 CV 00291, 2005 WL 1773948 (E.D. Ark,, 2005). However, this case applies the requirements of Rule 23 prior to amendment. *Id*. at *2 ("Rule 23(c) requires district courts to make a determination as to whether a class action is maintainable 'as soon as practicable after the commencement of the action.").

are several open questions and contested facts regarding the make-up of the class that must be resolved before representation can be assessed.

Under Rule 23, certification requires a finding by the district court that:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Additionally, the court must find that at least one of the following conditions is met:

> (1) the prosecution of separate actions would create a risk of: (a) inconsistent or varying adjudications or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

F. R. Civ. P. 23(b). Ultimately, the plaintiff who seeks to have the class certified bears the burden of proving that these requirement have been met.

Defendant argues that none of the Rule 23 requirements can be met here, indeed, Plaintiffs and Defendant paint very different pictures of the class and its representatives. Plaintiffs seek to represent "current and former Kyphon employees . . . includ[ing], but not necessarily limited to all female citizens of the United States as part of Kyphon who are, or have been employed by Kyphon in the United States as a part of Kyphon's sales force." SAC at ¶ 23. Defendant argues that this class cannot possibly share common issues because its members are spread over a large geographic area. Motion to Strike at 14. Defendant also maintains that Plaintiffs are not typical of the class because many of them have been promoted and never were actually denied training, and, more generally, because there is no typicality among them. As to this last point, Defendant also points out that Plaintiffs were denied promotion for different reasons, have different qualifications, and were assigned to different territories for different purposes. *Id*. at 17-19. Finally, Defendant argues that there is a conflict of interest between members of the class such that "the class members that are pregnant or have children (including some of the Plaintiffs) . . . seek to establish that female class members that are not pregnant or do

Case No. C 06-3988 JF (HRL)
ORDER GRANTING MOTION TO STRIKE AND GRANTING LEAVE TO AMEND
(JFLC1)

1  not have children are favored at their expense." *Id*. at 19.

2      Plaintiffs respond to these rather specific observations by characterizing the class claim in
3  very general terms, arguing simply that the class shares a common experience of Title VII
4  discrimination. Plaintiff's Opposition at 9.[4] Plaintiff's general and conclusory response does not
5  squarely address Defendant's concerns and the requirements of Rule 23. To proceed with their
6  class action Plaintiffs at the very least must allege some specific commonality and typicality
7  among class members. Accordingly, the Court will grant the motion to strike, but also will grant
8  Plaintiffs a final opportunity to amend the class allegations of their complaint.

9                                        **III. ORDER**

10      IT IS HEREBY ORDERED that the motion to strike is GRANTED. Any amended
11  complaint must be filed within thirty (30) days of the date of this order.

16  DATED: October 12, 2007

                                                    _____
                                                    JEREMY FOGEL
                                                    United States District Judge

---

[4] Plaintiffs also refute the disparities between them named by Defendant, claiming that they have been "highly exaggerated if not misrepresented." *Id.* at 12.

1  This Order was served on the following persons:

2  Frederick J. Geonetta          landglawyers@msn.com,

3

4  Harold R. Jones                hrj@severson.com, ano@severson.com

5

6  Thomas Marc Litton             tmlitton@compuserve.com,

7

8  Rhonda L. Nelson               rln@severson.com,

9

10 David W. Sanford               dsanford@nydclaw.com, fgilbert@nydclaw.com

11

12 Steven Lance Wittels           swittels@nydclaw.com, sprasad@nydclaw.com

13

14 Notice will be delivered by other means to:

15

16 Shayna Bloom

17 Sanford Wittels & Heisler LLP

18 Suite 310

19 1666 Connecticut Avenue NW

20 Washington, DC 20009

21

22 Angela Corridan

23 Sanford Wittels & Heisler LLP

24 1666 Connecticut Avenue NW

25 Suite 310

26 Washington, DC 20009

27

28 Laura Fentonmiller

7

Case No. C 06-3988 JF (HRL)
ORDER GRANTING MOTION TO STRIKE AND GRANTING LEAVE TO AMEND
(JFLC1)

1  Sanford Wittels & Heisler LLP
2  1666 Connecticut Avenue, NW
3  Suite 310
4  Washington, DC 20009
5
6  Jeremy Heisler
7  Sanford Wittels & Heisler
8  950 Third Avenue
9  10th Floor
10 New York, NY 10022
11
12 Grant Morris
13 1666 Connecticut Avenue, N.W.
14 Suite 310
15 Washington, DC 20009
16
17 Stefanie Roemer
18 1666 Connecticut Avenue, N.W.
19 Suite 310
20 Washington, DC 20009
21
22
23
24
25
26
27
28

Case No. C 06-3988 JF (HRL)
ORDER GRANTING MOTION TO STRIKE AND GRANTING LEAVE TO AMEND
(JFLC1)