NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SAFRONIA DODD-OWENS, NATALIE AMAYA, TERA BYRER, TIFFANY SOCHA, TERI CARR, ELIZABETH "LISA" GLUS, and CHRISTY WRONIKOWSKI,<br><br>                Plaintiff,<br><br>    v.<br><br>KYPHON, INC.,<br><br>                Defendant. | Case Number C06-3988<br><br>ORDER[1] DENYING MOTION TO STRIKE<br><br>[re: docket no. 101] |

## I. BACKGROUND

The original complaint in this action was filed on June 27, 2006. Plaintiffs Safronia Dodd-Owens ("Dodd-Owens"), Natalie Amaya ("Amaya"), Tera Bryer, Tiffany Socha ("Socha"), Teri Carr, and Elizabeth Glus ("Glus") (collectively "Plaintiffs") on behalf of themselves and all others similarly situated complained of gender discrimination by Kyphon. The original complaint included nine claims alleging gender and pregnancy discrimination, sexual

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C06-03988
ORDER DENYING MOTION TO STRIKE
(JFLC1)

harassment, and retaliation in violation of California and federal law.

On October 27, 2006, Plaintiffs moved for leave to amend the complaint. On November 9, 2006, the Court issued an order directing that the First Amended Complaint ("FAC") be filed as of right and denying as moot Kyphon's previously-filed motions to dismiss six claims and to strike the class action allegations from the complaint. The FAC included ten claims: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; (2) gender discrimination in violation of The Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940; (3) pregnancy discrimination against Dodd-Owens in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; (4) retaliation against Dodd-Owens in violation of Title VII, 42 U.S.C. § 2000e-3; (5) retaliation against Amaya in violation of Title VII, 42 U.S.C. § 2000e-3; (6) pregnancy discrimination against Glus in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; (7) retaliation against Glus in violation of Title VII, 42 U.S.C. § 2000e-3 and Cal. Gov. Code § 12940(h); (8) sexual harassment against Glus in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; (9) pregnancy discrimination against Socha in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; and (10) retaliation against Socha in violation of Title VII, 42 U.S.C. § 2000e-3. Claims 1 and 2 were alleged as class action claims.

On November 29, 2006, Kyphon moved to dismiss the second and fourth claims to the extent that they relied upon FEHA. On the same date, Kyphon moved to strike the class action allegations from the FAC. FAC at ¶¶ 20-42. Noting that many of the challenges in the motion to strike likely should be resolved in the context of a motion for class certification, the Court granted both motions with leave to amend. On February 9, 2007, the Court set a March 7, 2007 filing deadline for Plaintiffs' amended pleading.

Plaintiff, however, failed to comply with the filing deadline, and Kyphon responded with Rule 41(b) motion to dismiss. Following a hearing on May 25, 2007, the Court granted Kyphon's motion to dismiss in part, dismissing Plaintiffs' FEHA claims without leave to amend, and granted Plaintiffs' leave to file a second amended complaint consistent with the Court's Order dated February 9.

Plaintiff filed a Second Amended Complaint ("SAC") asserting only one class action

2

claim for gender discrimination under Title VII.[2] Kyphon moved to strike that claim and on October 12, 2007, the Court granted Kyphon's motion with leave to amend. The Order issued on October 12 instructed Plaintiffs that "to proceed with their class action Plaintiffs are the very least must allege some specific commonality and typicality among the members. Accordingly, the Court will grant the motion to strike, but will also grant Plaintiffs a final opportunity to amend the class allegations of their complaint."

Plaintiffs have filed a Third Amended Complaint ("TAC") which amends the class allegations. Kyphon moves to strike those allegations. Plaintiffs oppose Kyphon's motion.[3]

## II. LEGAL STANDARD

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation. *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Allegations "supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant." *Id*. Moreover, allegations that contribute to a full understanding of the complaint as a whole need not be stricken. *Id*.

## III. DISCUSSION

Plaintiffs have amended their complaint to include the following class allegations:

> Kyphon delegates promotion and pay decisions to male managers who enjoy unbridled decision-making power. These managers rely on highly subjective criteria with virtually no oversight and operate in a corporate

---

[2] Plaintiffs' SAC also included six individual claims for retaliation under Title VII.

[3] In addition to filing an opposition brief, Plaintiffs have filed a "Motion to Assert Class Claims" which reiterates the arguments made in the opposition brief. The stated purpose of this motion is to respond "to address the Court's concerns about [the commonality and typicality] elements of Rule 23," expressed in the October 12 order. The Court instructed Plaintiffs to address these concerns *in the amended complaint*, not in a separate pleading; accordingly, the court has not considered Plaintiffs' motion.

3

atmosphere extremely hostile to women. As a result, female sales employees are often dissuaded, discouraged or outright barred from applying for a promotion based on their managers' personal judgment. In those instances where they are allowed to apply for positions, women are rejected in favor of their male counterparts.

Kyphon does not provide employees with any formal performance evaluations. The lack of a formal and objective evaluation system for Kyphon sales employees allows male managers to exercise their own discretion in evaluating their sales team, allowing for subjective and inconsistent standards of review.

Because of Kyphon's systemic pattern and practice of gender discrimination, the Class Representatives and class they seek to represent have adversely affected and have experienced harm, including loss of compensation, wages, back pay, and employment benefits. This pattern and practice of gender discrimination includes: being denied promotions in favor of equally or less qualified male employees; being denied training opportunities provided to male employees; and being denied more favorable and more lucrative assignments.

TAC at ¶¶ 25-28. Kyphon argues that this amendment is insufficient to overcome the commonality and typicality issues recognized by the Court in its October 12 Order, arguing that a system of discretionary and subjective decisions precludes a finding of commonality and typicality. Plaintiffs, however, contended that it is this very policy of discretionary authority that gives rise to common question of fact warranting certification. The parties cite adverse authority to support their positions. *See Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283 (2d Cir. 1999) (holding that a policy of discretionary authority is sufficient to satisfy the typicality and commonality requirements at the class certification stage) *but see Stubb v. McDonald's Corp.*, 224 F.R.D. 668 (D. Kansas 2004) (commonality and typicality requirements not satisfied where plaintiffs based allegations on a system of discretional authority and plaintiffs sought to represent a wide range of jobs or positions spread out over a large geographic area).

In *Dukes v. Wal-Mart, Inc.*, Nos. 4-16688, 4-16720, 2007 WL 4303055 (9th Cir. Dec. 11, 2007), the Ninth Circuit explained that "discretionary decision-making *by itself* is insufficient to meet Plaintiffs' burden of proof [with respect to commonality]. . . managerial discretion is but one of *several* factors that support a finding of commonality." *Id.* at *9. Applying this rule, the *Dukes* Court held that the commonality requirement had been met because, in addition to alleging discretionary decision making, plaintiffs produced substantial evidence of Wal-Mart's centralized company culture (including anecdotal evidence) as well as statistical evidence demonstrating a pattern of discriminatory treatment of female employees.

4

Case No. C 06-3988
ORDER DENYING MOTION TO STRIKE
(JFLC1)

In the instant case, Plaintiffs assert that following full discovery they will be able to provide statistical support for their contention that Kyphon's discretionary policies result in discrimination. Plaintiffs also contend that they will be able to present expert reports, sworn testimony, statistical data, and personnel management analysis. As this Court previously has noted, it is within the Court's discretion either to strike class allegations or to permit discovery. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982). Kyphon has raised several substantial arguments regarding not only typicality and commonality but also Plainitffs' adequacy as class representatives, any of which ultimately might preclude class certification.[4] However, where, as here, it is not "plain from the pleadings" that the class should not be certified discovery and full briefing on class certification is warranted. *See Id.* ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question."); *Myers v. Medquist, Inc.*, No. 05-4608, 2006 WL 3751210 (D.N.J. Dec. 20, 2006) (declining to strike class allegations because discovery had not yet commenced and observing that most courts deny such motions if brought prior to discovery). Accordingly, Kyphon's motion to strike will be denied. Plaintiffs may conduct limited discovery with respect to Kyphon's promotional and procedural policies and practices and on statistical information regarding pay and promotional data.

---

[4] Kyphon argues that discrepancies in the named Plaintiffs' individual claims necessarily preclude the named plaintiffs from serving as adequate representatives. For instance, Kyphon makes much of the fact that some of the named plaintiffs claim to have been discriminated against on account of pregnancy while others do not. While it may be difficult for Plaintiffs to overcome this argument at the certification stage, Plaintiffs nevertheless may be able to show that they are adequate representatives despite these differences. In light of the fact that class certification ultimately may be proper "even though varying fact patterns support the claims or defense of individual class members or there is a disparity in the damages by the representative parties and other members of the class," *Schlagal v. Learning Tree, Int'l*, No. 98-6384, 1999 WL 672306 at *3 (C.D. Cal. Feb. 23, 1999), it would be premature to strike the class allegations on this ground at this time.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to strike is DENIED.

DATED: February 12, 2008.

_____
JEREMY FOGEL
United States District Judge

Case No. C 06-3988
ORDER DENYING MOTION TO STRIKE
(JFLC1)

This Order has been served upon the following persons:

David W. Sanford     dsanford@nydclaw.com

Frederick J. Geonetta     landglawyers@msn.com

Jeremy Heisler     jheisler@nydclaw.com

Steven Lance Wittels     swittels@nyclaw.com

Thomas Marc Litton     tmlitton@gmail.com

Angela Carridan
Grant Morris
Janette Wipper
Sanford Wittels & Heisler LLP
1666 Connecticut Avenue NW
Suite 310
Washington, DC 20009

Laura Fentonmiller
Sayna Bloom
Stefanie F Roemer
Sanford Wittels & Heisler LLP
1666 Connecticut Avenue NW
Suite 310
Washington, DC 20009