*E-FILED 7/22/2008*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAFRONIA DODD-OWENS, NATALIE AMAYA, TERA BYRER, TIFFANY SOCHA, TERI CARR, ELIZABETH "LISA" GLUS, and CHRISTY WRONIKOWSKI,<br><br>Plaintiffs,<br>v.<br><br>KYPHON, INC.,<br><br>Defendant. | No. C06-03988 JF (HRL)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER**<br><br>[Re: Docket No. 127] |

Defendant Kyphon, Inc. moves for a protective order. Plaintiffs oppose the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the June 17, 2008 hearing, this court grants the motion in part.

This is a putative class action for alleged gender discrimination brought under Title VII, 42 U.S.C. § 2000e, *et seq*. Defendant Kyphon, Inc. ("Kyphon") develops and markets medical devices for use in spinal surgery. Plaintiffs are seven current and former Kyphon sales employees who claim that Kyphon discriminates against female employees with respect to pay and promotion decisions. They further contend that such decisions are made by managers who rely upon subjective criteria and exercise unfettered discretion. They seek to assert claims for themselves and on behalf of a class, defined as follows:

> The class includes, but is not necessarily limited to, all female citizens of the United States who are, or have been, employed by Kyphon in the United States as part of Kyphon's sales force. Kyphon's sales force includes, but is not limited to, Spine Education Specialists, Spine Associates and/or Spine Consultants ("Consultants"). All of the Class Representatives are proposed representatives of the class. Upon information and belief, there are approximately 150 members of the proposed class.

(Docket No. 96 (Third Amended Complaint, ¶ 31)).

The parties presently are before this court with a discovery dispute stemming from a February 12, 2008 order in which Judge Fogel denied defendant's motion to strike plaintiffs' class allegations and permitted plaintiffs to "conduct limited discovery with respect to Kyphon's promotional and procedural policies and practices and on statistical information regarding pay and promotional data." (Jones Decl., Ex. 3 (Feb. 12, 2008 order at 5:17-18)). Plaintiffs served document requests on defendant, as well as a notice for Kyphon's deposition pursuant to Fed. R. Civ. P. 30(b)(6).

Kyphon now moves for a protective order, arguing that plaintiffs' requested discovery goes beyond that permitted by the February 12, 2008 order. Plaintiffs maintain that the discovery sought is appropriate.

The parties advise that plaintiff has withdrawn several requests in dispute and defendant has withdrawn its objections to certain others. Accordingly, Kyphon's motion is deemed MOOT as to Document Request Nos. 8 and 9 and Deposition Topics 6, 12-16, 19, 27-34, 43-45, 47-49, 51, 58-59, 62, 75-79 and 104 and 109.[1]

As for the matters remaining in dispute, Kyphon essentially objects that the requested discovery is not limited to general "promotional and procedural policies and practices," "statistical information regarding pay and promotion data," or defendant's sales operations and workforce in the United States. Defendant also contends that several requests inappropriately seek information about individual employees who are not class representatives in this matter.

---

[1] The parties' papers state that plaintiffs have agreed to withdraw Topic 105. However, the parties' briefs concerning "Topic 109" indicate that Topic 105 is actually the matter in dispute. The testimony sought by Topic 109 ("Kyphon's distribution of any policy, procedure or protocol used to evaluate whether a candidate is eligible for promotion to Spine Consultant") has not been addressed by the parties. According, this court assumes that Topic 105 is in dispute and that Topic 109 is not.

2

Plaintiffs acknowledge that they previously represented to the court that pre-certification discovery would be limited to Kyphon's sales force, and this court finds that they have not demonstrated the relevance of information about Kyphon's global operations. Moreover, in view of the limited scope of discovery permitted, this court agrees that the February 12, 2008 order does not contemplate discovery of individual employee personnel files. Turning now to the specific requests in question, this court rules as follows:

**A.      Plaintiffs' Document Requests**[2]

**1.      Document Request Nos. 10 and 15**

Document Request No. 10 seeks "[a]ny documents concerning the selection, evaluation or promotion of the following Kyphon employees: Spine Associates, Spine Education Specialists, Spine Education Specialist Managers, Spine Education Specialist Area Managers, Spine Consultants, Regional Sales Managers and Regional Managers."

Document Request No. 15 seeks "[a]ny document, including, but not limited to, applications, evaluations, appraisals, assessments, reviews or ratings, concerning how employees are selected for management, leadership, development or training programs."

Kyphon's motion for protective order as to these requests is GRANTED as follows:

Document Request No. 10 shall be limited to all documents containing, comprising, constituting or evidencing Kyphon's policies, procedures and practices as to the selection, evaluation and promotion of the specified categories of employees. The request is further limited to Kyphon's sales operations and work force in the United States. Defendant shall not be required to review individual employee personnel files in responding to this request.

Document Request No. 15 shall be limited to all documents containing, comprising, constituting or evidencing Kyphon's policies, procedures and practices as to how defendant's sales employees are selected for management, leadership, development or training programs. The request is further limited to Kyphon's sales operations and work force in the United States.

---

[2] A copy of plaintiffs' document requests was submitted as Exhibit 1 to the Declaration of Harold R. Jones in Support of Defendant Kyphon, Inc.'s Motion for Protective Order.

3

1  Defendant shall not be required to review individual employee personnel files in responding to
2  this request.

**2.      Document Request No. 12**

Document Request No. 12 asks Kyphon to produce "[a]ny document concerning the impact of any Kyphon policy, practice, procedure, rule, regulation, evaluation, appraisal, assessment, review, rating, criteria or process on its female employees." Defendant says that to the extent plaintiffs seek statistical data, it has already produced all relevant information. Plaintiffs dispute the sufficiency of defendant's production of statistical data.[3] But this court does not find that Request No. 12 is or need be limited solely to statistical analyses in any event.

Kyphon's motion for protective order as to this request is GRANTED as follows: Document Request No. 12 shall be limited to all documents containing, comprising, constituting or evidencing the impact of any Kyphon policy, practice, procedure, rule, regulation, evaluation, appraisal, assessment, review, rating, criteria or process on its female employees. The request is further limited to Kyphon's sales operations and workforce in the United States. Defendant shall not be required to review individual employee personnel files in responding to this request.

**B.      Plaintiff's Fed.R.Civ.P. 30(b)(6) Deposition Topics[4]**

**1.      Topics 1-5 and 9-11**

These topics seek testimony about Kyphon's organizational structure, compensation policies and promotion policies:

Topic 1:    The organizational or operational structure of Kyphon and any Kyphon territory, area, region, division, department or other organizational unit.

Topic 2:    Elements of the organizational structure of Kyphon across all territories, areas, regions, divisions, departments or other organizational units.

Topic 3:    Personnel structure of Kyphon across all territories, areas, regions, divisions, departments or other organizational units.

---

[3] The parties' reported dispute as to whether and how defendant's production of statistical data may be lacking is not before this court on the instant motion.

[4] A copy of plaintiffs' Fed.R.Civ.P. 30(b)(6) deposition notice was submitted as Exhibit 2 to the Declaration of Harold R. Jones in Support of Defendant Kyphon, Inc.'s Motion for Protective Order.

4

| | | |
|---|---|---|
| Topic 4: | Staffing patterns of Kyphon across all territories, areas, regions, divisions, departments or other organizational units. | |
| Topic 5: | Job categories, job descriptions or management hierarchies across all territories, areas, regions, divisions, departments or other organizational units. | |
| Topic 9: | The relationship between Kyphon's corporate office or headquarters and Kyphon's territories, areas, regions, divisions, departments or other organizational units. | |
| Topic 10: | Policies concerning compensation across all territories, areas, regions, divisions, departments or other organizational units of Kyphon. | |
| Topic 11: | Policies concerning promotions across all territories, areas, regions, divisions, departments or other organizational units of Kyphon. | |

In view of the limited class discovery being permitted at this time, this court is unpersuaded as to the relevance of discovery sought on a company-wide or global basis. Nevertheless, it agrees that plaintiffs' discovery should not be limited to the organization of Kyphon's United States sales department in isolation. Accordingly, Kyphon's motion as to these topics is GRANTED as follows: These topics shall be limited to testimony about Kyphon's sales operations and workforce in the United States. However, plaintiffs shall have leeway to inquire about (a) where and how Kyphon's sales department fits within the company and (b) the divisions, groups or departments (if any) to whom the sales department reports concerning pay and promotion decisions.

**2.      Topic 22**

This topic seeks testimony about "[c]riteria used in the evaluation of Kyphon's employees." Defendant's motion is GRANTED as follows: This topic shall be limited to Kyphon's sales operations and work force in the United States. Defendant shall not be required to designate persons to testify about this topic as it relates to particular individual employees.

**3.      Topic 25**

Topic 25 seeks testimony about "[c]riteria used to place employees on a Performance Improvement Plan [PIP] or other disciplinary or corrective action plans." At oral argument, plaintiffs stated that ultimately, the issue will not be whether Kyphon has uniform criteria, but whether it applied the criteria uniformly. Nevertheless, they indicated that, for present purposes, they seek testimony about criteria used. Kyphon's motion as to this topic is

5

GRANTED as follows: Topic 25 shall be limited to Kyphon's policies, procedures and practices (including any criteria used) or statistical information concerning the placement of employees on a Performance Improvement Plan or other disciplinary or corrective action plans. Defendant shall not be required to designate persons to testify about particular individual employees who have been placed on a PIP or other disciplinary or corrective action plan.

**4. Topics 46, 65 and 105**

Topic 46 seeks testimony about "[a]ny systematic assessment of the gender composition of Kyphon's work force to identify possible barriers to the advancement of female employees."

Topic 65 seeks testimony about "[v]alidation studies or focus groups conducted by or for Kyphon concerning compensation criteria."

Topic 105 seeks testimony about "[v]alidation studies or focus groups conducted by or for Kyphon concerning criteria for promotions or enrollment in management training."[5]

Kyphon contends that if plaintiffs seek testimony solely about statistical data, then it will produce a designee to testify about this topic. However, as with Document Request No. 12, this court does not find that these topics necessarily are or should be limited to statistical analyses. Nevertheless, Kyphon's motion for protective order as to these topics is GRANTED as follows: Topics 46, 65 and 105 shall be limited to Kyphon's sales operations and workforce in the United States. Defendant shall not be required to designate persons to testify about this topic as it relates to particular individual employees.

**5. Topics 96-99**

These topics generally seek testimony about actions taken by Kyphon in response to female employee requests or complaints:

<u>Topic 96</u>: Actions taken by Kyphon in response to female employees' expression of interest in promotional opportunities to management.

<u>Topic 97</u>: Actions taken by Kyphon in response to female employees' expression of interest to enroll in management training.

---

[5] As explained above, this is the testimony identified as "Topic 109" in the parties' briefs.

6

    Topic 98:    Any process, procedure or protocol for handling or responding to any complaint by female employees concerning promotions to management positions at Kyphon.

    Topic 99:    Any process, procedure or protocol for handling or responding to any complaint concerning any management, leadership, development or training program at Kyphon.

Kyphon's motion for protective order as to these topics is GRANTED as follows. Topics 96-99 shall be limited to Kyphon's policies and procedures with respect to its sales operations and workforce in the United States. Defendant shall not be required to designate persons to testify about this topic as it relates to particular individual employees.

**6.    Topic 106**

This topic seeks testimony about "[o]versight by Kyphon's corporate office concerning managers' decisions about employees' promotions or denial or promotions to management or enrollment into management training."

Kyphon's motion for protective order is GRANTED as follows: Topic 106 shall be limited to Kyphon's sales operations and workforce in the United States. Defendant shall not be required to designate persons to testify about this topic as it relates to particular individual employees.

**7.    Topic 110**

Topic 110 seeks testimony about "Kyphon's training concerning promotions to Spine Consultant positions conducted by or for employees."

Kyphon's motion for protective order is GRANTED as follows: Topic 110 shall be limited to Kyphon's sales operations and workforce in the United States. Defendant shall not be required to designate persons to testify about this topic as it relates to particular individual employees.

SO ORDERED.

Dated:    July 22, 2008

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

7

**5:06-cv-3988 Notice has been electronically mailed to**:

Harold R. Jones hrj@severson.com, ano@severson.com

Thomas Marc Litton tmlitton@gmail.com

Grant Morris gmorris@nydclaw.com

Rhonda Louise Nelson rln@severson.com, vja@severson.com

Carter Winford Ott carter.ott@dlapiper.com, tee.thomas@dlapiper.com

Stefanie F Roemer sroemer@nydclaw.com, fgilbert@nydclaw.com

Luanne R. Sacks luanne.sacks@dlapiper.com, kathleen.fischer@dlapiper.com

David W. Sanford dsanford@nydclaw.com, csetubal@nydclaw.com, nrenzler@nydclaw.com

Philip James Smith pjs@severson.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.