**\*E-FILED 10/27/2008\***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAFRONIA DODD-OWENS, et al., etc.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KYPHON INC.,<br><br>　　　　　Defendant. | CASE NO. CV0603988JF<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>**(MODIFIED BY THE COURT)** |

1. **PURPOSES AND LIMITATIONS**

　　1.1　Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 13, below, that this Protective Order creates no entitlement to file confidential information under seal.

**2.     DEFINITIONS**

2.1     "Party" or "Parties" – The parties to the above-cap     tioned action.

2.2     "Discovery Material" – All items or information, re     gardless of the medium or manner generated, stored, or maintained (including,     among other things, testimony, transcripts, or tangible things) that are produced or generated in     disclosures or responses to discovery in this matter.

2.3     "Confidential Information" – Discovery Material des     ignated as "CONFIDENTIAL" pursuant to Sections 6 and/or 7, whi     ch the Designating Party reasonably and in good faith believes is sensitive and qualifies f     or protection under standards developed under Fed. R. Civ. P. 26(c).

2.4     "Highly Confidential Information" – Discovery Mater     ial designated as "HIGHLY CONFIDENTIAL" pursuant to Sections 6 and/or 7, whic     h the Designating Party reasonably and in good faith believes to be Confidential Informati     on which is entitled to further protection from disclosure by the fundamental right of privacy of i     ndividuals under the California or United States Constitutions, and whose disclosure would create su     bstantial risk of serious injury that could not be avoided by less restrictive means.

2.5     "Protected Material" – Any Discovery Material that     is designated as Confidential or Highly Confidential Information.

2.6     "Receiving Party" – A Person, as defined below, tha     t receives Discovery Material produced or disclosed in this action.

2.7     "Producing Party" – A Person, as defined below, tha     t produces Discovery Material in this action.

2.8     "Designating Party" – A Person, as defined below, t     hat designates Discovery Material as Protected Material.

2.9     "Disclosing Counsel" – A party's attorney that disc     loses Discovery Material to another Person.

2.10    "Outside Counsel" – Attorneys who are not employee     s of a Party but who are retained to represent or advise a Party in this act     ion.

DLA PIPER US LLP
SAN FRANCISCO

[PROPOSED] STIPULATED PROTECTIVE ORDER
*Dodd-Owens v. Kyphon* – Case No. CV06 03988 JF

2.11   "HouseCounsel"–Attorneyswhoareemployeesofa   Party.

2.12   "Counsel"(withoutqualifier)–OutsideCounseland   HouseCounsel(aswellas theirsupportstaffs).

2.13   "Expert"–Apersonwithspecializedknowledgeore   xperienceinamatter pertinenttothelitigationwhohasbeenretainedb   yaPartyoritscounseltoserveasanexpert witnessorasaconsultantinthisaction.Thisde   finitionincludesaprofessionaljuryortrial consultantretainedinconnectionwiththislitigat   ion.

2.14   "ProfessionalVendors"–Persons,asdefinedbelow,   thatprovidelitigationsupport services(e.g.,photocopying;videotaping;translat   ing;preparingexhibitsordemonstrations; organizing,storing,retrievingdatainanyformor   medium)andtheiremployeesand subcontractors.

2.15   "Person"or"Persons"–Includesanaturalperson,   firm,association,organization, partnership,businesstrust,corporation,limitedl   iabilitycompany,orpublicentity.

**3.    SCOPE**

3.1   ThisProtectiveOrdershallcovernotonlyProtecte   dMaterial,butalsoany informationcopiedorextractedtherefrom,aswell   asallcopies,excerpts,summaries,or compilationsthereof,plustestimony,conversations   ,orpresentationsbyPartiesorCounseloor incourtorinothersettingsthatmightrevealPro   tectedMaterial.

3.2   ThisProtectiveOrdershallapplytothePartiesan   danynonpartyfromwhom discoveryissoughtandwhodesirestheprotection   oftheProtectiveOrder.

**4.    DURATION**

4.1   Evenafterthisterminationofthislitigation,the   confidentialityobligationsimposed bythisProtectiveOrdershallremainineffectunt   ilaDesignatingPartyagreesotherwisein writingoracourtorderotherwisedirects.   **For a period of six months after the final termination of this action, this court shall retain jurisdiction to enforce the terms of this order.**

**5.    MODIFICATION**

5.1   ThisProtectiveOrderissubjecttorevocationorm   odificationbytheCourtupon writtenstipulationofthePartiesoruponmotionp   ursuanttotheLocalRulesoftheCourt.

**6.     DESIGNATION**

6.1     AnyProducingorReceivingPartymaydesignateDisc        overyMaterialsas ConfidentialorHighlyConfidentialInformationby        (1)providingacopyofthedocument, materialorinformationsodesignatedstampedwith        thelegend"CONFIDENTIAL"or"HIGHLY CONFIDENTIAL,or(2)furnishingaseparatewritten        noticetotheundersignedcounselatthe timeofitsproductionorassoonthereafterasapra        cticablespecificallyidentifyingthedocument(s), material(s)orinformationtobesodesignated.If        onlyaportionorportionsoftheDiscovery MaterialqualifiesforprotectiontheDesignating        Partymustclearlyidentifytheprotected portion(s).(e.g.bymakingappropriatemarkingsin        themargins).

6.2     EachPersonthatdesignatesinformationoritemsfo        rprotectionunderthis ProtectiveOrdermusttakecaretolimitanysuchd        esignationtospecificmaterialthatqualifies undertheappropriatestandards.ADesignatingPar        tymusttakecaretodesignateforprotection onlythosepartsofmaterial,documents,items,or        oralorwrittencommunicationsthatqualifyso thatotherportionsofthematerial,documents,ite        ms,orcommunicationsforwhichprotectionis notwarrantedarenotsweptunjustifiablywithinth        eambitofthisProtectiveOrder.

6.3     IfitcomestoaDesignatingParty'sattentionthat        informationoritemsthatit designatedforprotectiondonotqualifyforprotec        tionatall,ordonotqualifyforthelevelof protectioninitiallyasserted,thatDesignatingPar        tymustpromptlynotifytheotherPartiesthatiti        s withdrawingthemistakendesignation.

**7.     DEPOSITION,PRETRIALANDTRIALPROCEDURES**

7.1     AnyPersonmaydesignatetestimonyprovidedinade        positionorinanypretrialor trialproceedingbyidentifyingontherecord,befo        rethecloseofthedepositionorpretrialortrial proceeding,thetestimonythatqualifiesasConfide        ntialorHighlyConfidentialInformation.

7.2     Whenitisimpracticaltoidentifyseparatelyeach        portionofthetestimonythatis entitledtoprotectionorwhenitappearsthatsubs        tantialportionsofthetestimonymayqualifyfor protection,aPersonmayinvokeontherecord(befo        rethedepositionorothertestimonyis concluded)arighttohaveuptotwentydaysfromt        hedatethetranscriptbecomesavailableto designatespecificportionsofthetestimonyascon        stitutingConfidentialorHighlyConfidential

Information. Until the designation is made or two (2) days from the date on which the transcript is available, whichever occurs first, the entire transcript will be treated as Highly Confidential Information.

7.3    Transcript pages containing Protected Material must be separately bound by the court reporter, who must stamp each page as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as instructed by the Designating Party.

## 8.    INADVERTENT FAILURE TO DESIGNATE

8.1    Inadvertent production of or failure to designate any Discovery Material as Confidential or Highly Confidential Information shall not be deemed a waiver of the claim of confidentiality as to such information. A Producing or Receiving Party that inadvertently produces or fails to designate Discovery Material pursuant to this Protective Order may thereafter make a designation by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated, within ten business days of discovery that the information, documents or things were not properly designated. Those individuals who reviewed the information, documents or things prior to the notice of misdesignation or failure to designate shall return to Outside Counsel for the Designating Party or destroy and certify destruction of all copies of the misdesignated information, documents or things within ten business days after receipt of such notification.

## 9.    CHALLENGES TO DESIGNATIONS

9.1    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

9.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's designation must do so in good faith and must begin the process by conferring directly with Counsel for the Designating Party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the

1  Designating Party an opportunity to review the designated material, to reconsider the

2  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

3  designation. A challenging party may proceed to the next stage of the challenge process only if it

4  has engaged in this meet and confer process first.

5        9.3    Judicial Intervention. A Party that elects to press a challenge to a confidentiality

6  designation after considering the justification offered by the Designating Party may file and serve

7  a motion under Civil Local Rule 7 that identifies the challenged material and sets forth in detail

8  the basis for the challenge. Each such motion must be accompanied by a competent declaration

9  that affirms that the movant has complied with the meet and confer requirements imposed in the

10  preceding paragraph and that sets forth with specificity the justification for the confidentiality

11  designation that was given by the Designating Party in the meet and confer dialogue.

12        9.4    The burden of persuasion in any such challenge proceedings shall be on the

13  Designating Party. Until the Court rules on the challenge, all Receiving Parties shall continue to

14  afford the material in question the level of protection to which it is entitled under the Designating

15  Party's designation.

16  **10.    ACCESS TO AND USE OF PROTECTED MATERIAL**

17        10.1    Any Person obtaining access to Protected Material that is disclosed or produced by

18  another Person in connection with this case shall only use such Discovery Material for

19  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

20  disclosed only to the categories of Persons and under the conditions described in this Protective

21  Order. When the litigation has been terminated, all Receiving Parties must comply with the

22  provisions of Section 14.

23        10.2    Protected Material must be stored and maintained by a Receiving Party at a

24  location and in a secure manner that ensures that access is limited to the Persons authorized under

25  this Protective Order.

26        10.3    Disclosure of Confidential Information. Unless otherwise ordered by the Court or

27  permitted in writing by the Designating Party, Disclosing Counsel may disclose Discovery

28  Material designated as Confidential Information only to:

1        (a)     Theiremployees;

2        (b)     Professionallitigation-supportvendorstowhomdis    closureisreasonably

3   necessaryforthislitigation;

4        (c)     ThenamedPlaintiffsandtheDefendant(includingD    efendant'sHouse

5   Counsel,officers,directors,andemployees,ifdis    closuretosuchindividualsisreasonably

6   necessaryforthislitigation);

7        (d)     Theauthorofthedocumentortheoriginalsourceo    ftheinformation;

8        (e)     Anymediator(s)chosenbytheparties;

9        (f)     Courtreportersorvideographers,forthepurposeo    ftranscribingor

10  recordingtestimony;

11       (g)     TheCourtandmembersofitsstaff;

12       (h)     SubjecttoSection10.6,witnessesanddeponentste    stifyingunderoath,

13  whereexaminingcounselhasagoodfaithbasisfor     believingthatthewitnessordeponenthas

14  informationortestimonypertinenttotheConfident    ialInformation,whohavesignedthe

15  AcknowledgementAndAgreementToBeBoundByProtec    tiveOrder(ExhibitA);and

16       (i)     SubjecttoSection10.5,Expertstowhomdisclosure    isreasonably

17  necessaryforthislitigationandwhohavesignedt    heAcknowledgementAndAgreementToBe

18  BoundByProtectiveOrder(ExhibitA).

19     10.4    DisclosureofHighlyConfidentialInformationorIt    ems.Unlessotherwiseordered

20  bytheCourtorpermittedinwritingbytheDesigna    tingParty,DisclosingCounselmaydisclose

21  DiscoveryMaterialdesignatedasHighlyConfidentia    lInformationonlyto:

22       (a)     Theiremployees;

23       (b)     Professionallitigation-supportvendorstowhomdis    closureisreasonably

24  necessaryforthislitigation;

25       (c)     HouseCounseltoDefendantandanyofficer,directo    r,managingagentor

26  employeeofDefendanttifdisclosuretosuchindiv    idualsisreasonablynecessaryforthis

27  litigation;

28       (d)     Anymediator(s)chosenbytheparties;

1    (e)  Court reporters or videographers, for the purpose o f transcribing or

2 recording testimony;

3    (f)  The Court and members of its staff;

4    (g)  Subject to Section 10.6, witnesses and deponents te stifying under oath,

5 where examining counsel has a good faith basis for  believing that the witness or deponent has

6 information or testimony pertinent to the Highly Co  nfidential Information, who have signed the

7 Acknowledgement And Agreement To Be Bound By Protec  tive Order (Exhibit A); and

8    (h)  Subject to Section 10.5, Experts to whom disclosure is reasonably

9 necessary for this litigation and who have signed t  he Acknowledgement And Agreement To Be

10 Bound By Protective Order (Exhibit A).

11    (i)  Disclosing counsel may disclose the data conta  ined in Discovery Material

12 designated as Highly Confidential Information, if r  easonably necessary for this litigation, to the

13 named Plaintiffs. Disclosing counsel may not discl  ose any identifiable information, or any

14 information that would permit the named Plaintiffs  to associate the data with any particular

15 individual.

16   10.5  If Plaintiffs retain an Expert who is currently emp  loyed by or retained as a

17 strategic, business or legal consultant by any enti  ty that is currently a competitor of Defendant,

18 Plaintiffs will provide written notice to Defendant  's Outside Counsel of their intention to disclose

**If, after good faith meet/confer negotiations, the parties are unable to resolve any disclosure dispute**

19 to such Expert any Protected Material. Defendants   &#94;   hall then have an opportunity to challenge the

20 disclosure of such Protected Material to the Expert  by filing a motion with the Court within

**Defendant has the burden of proving that the risk of harm outweighs plaintiffs' need for disclosure.**

21 twenty-one days of receiving such written notice.  ~~Once Defendant has filed such a motion,~~ ======

**Pending resolution of any such dispute,**

22 &#94; Plaintiffs shall be prohibited from disclosing any  Protected Material to such Expert without an

23 order of the Court or the written consent of Defend  ant's Outside Counsel. If Defendant fails to

24 file such a motion within the twenty-one day period  , then Plaintiffs may disclose the Protected

25 Material to that Expert provided that such Experts  igns the Acknowledgement And Agreement To

26 Be Bound By Protective Order (Exhibit A).

27   10.6  Disclosing Counsel may not disclose Protected Mater  ial to a witness or a deponent

28 pursuant to Sections 10.3(h) or 10.4(h) at a deposi  tion without providing five days notice to the

1  DesignatingPartyofitsintenttomakesuchadisc        losure.TheDesignatingPartywillthenhave

2  twodaysafterreceiptofnoticetoinformtheDisc        losingPartyifitobjectstothatdisclosureandi        f

3  suchobjectionismade,thedepositionwillnotpro        ceedregardingtheProtectedMaterialuntilthe

4  DesignatingPartyhasanopportunitytohavethema        tterheardbytheCourt.

5         10.7   Nothinghereinshallimposeanyrestrictiononthe        useordisclosurebyaPartyof

6  itsownDiscoveryMaterial,includingProtectedMat        erial,forthepurposeofandinconnection

7  withthisaction.

8         10.8   Anycopiesorreproduction,excerpts,summariesor        otherdocumentsormediathat

9  paraphrase,excerptorcontainProtectedMaterials        hallbetreatedastheProtectedMaterialit

10 paraphrases,excerptsorcontains.

11        10.9   ThePartiesshallserveacopyofthisProtectiveO        rdersimultaneouslywithany

12 discoveryrequestmadetoanonpartyinthisaction        .

13 **11.    PROTECTEDMATERIALSUBPOENAEDORORDEREDPRODUCEDI        N**

14 **OTHERLITIGATION**

15        11.1   IfaReceivingPartyisservedwithasubpoenaora        norderissuedinotherlitigation

16 thatwouldcompeldisclosureofanyinformationor        itemsdesignatedinthisactionasProtected

17 Material,theReceivingPartymustsonotifytheDe        signatingPartyinwriting(byfax,ifpossible)

18 immediatelyandinnoeventmorethanthreecourtd        aysafterreceivingthesubpoenaororder.

19 Suchnotificationmustincludeacopyofthesubpoe        naorcourtorder.

20        11.2   TheReceivingPartyalsomustimmediatelyinform        writingthePersonwho

21 causedthesubpoenaorordertoissueintheother        litigationthatsomeorallthematerialcovered

22 bythesubpoenaororderisthesubjectofthisPro        tectiveOrder.Inaddition,theReceivingParty

23 mustdeliveracopyofthisProtectiveOrderprompt        lytothePersonintheotheractionthatcaused

24 thesubpoenaorordertoissue.

25        11.3   Thepurposeofimposingthesedutiesistoalertth        einterestedpartiestothe

26 existenceofthisProtectiveOrderandtoaffordth        eDesignatingPartyanopportunitytoprotectits

27 confidentialityinterestsinthecourtfromwhicht        hesubpoenaororderissued.TheDesignating

28 Partyshallbeartheburdenandtheexpenseofseek        ingprotectioninthatcourtofitsProtected

1  Material and nothing in these provisions should be construed as authorizing or encouraging a

2  Receiving Party in this action to disobey a lawful directive from another court.

**12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

4        12.1    If a Disclosing Counsel learns that, by inadvertenc eor otherwise, he or she has

5  disclosed Protected Material to any Person or in an ycircumstance not authorized under this

6  Protective Order, that Disclosing Counsel must imme diately (a) notify the Designating Party in

7  writing of the unauthorized disclosures; (b) use hi sor her best efforts to retrieve all copies of the

8  Protected Material, including any copies or reprodu ction, excerpts, summaries or other documents

9  or media that paraphrase, excerpt or contain the Pr otected Material; (c) inform the Person or

10 Persons to whom unauthorized disclosures were made of all the terms of this Protective Order;

11 and (d) request such Person or Persons to execute t heAcknowledgement And Agreement To Be

12 Bound By Protective Order (Exhibit A).

**13.     FILING PROTECTED MATERIAL**

14        13.1    Any Person seeking to file Protected Material with theCourt, or to refer to such

15 materials in their papers to the Court, shall compl ywith the procedures set forth in Civil Local

16 Rule 79-5, including Civil Local Rules 79-5(d), pro viding for the conditional sealing of

17 documents pending a court ruling regarding a motion toseal.

**14.     FINAL DISPOSITION**

19        14.1    Unless otherwise ordered or agreed in writing by th eProducing Party, within sixty

20 days after the final termination of this action, ea **and with the exception of materials received in evidence or filed with the court,** chReceiving Party must return all Protected

21 Material to the Producing Party. As used in this s ubdivision, "all Protected Material" includes all

22 copies, abstracts, compilations, summaries or any o therform of reproducing or capturing any of

23 the Protected Material. With permission in writing from the Designating Party, the Receiving

24 Party may destroy some or all of the Protected Mate rialinstead of returning it. Whether the

25 Protected Material is returned or destroyed, the Re ceivingParty must submit a written

26 certification to the Producing Party (and, if not t hesame Person, to the Designating Party) by the

27 sixty-day deadline that identifies (by category, wh ereappropriate) all the Protected Material that

28 was returned or destroyed and that affirms that the Receiving Party has not retained any copies,

abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**15.    MISCELLANEOUS**

15.1    <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.

15.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

[signatures on next page]

DLA PIPER US LLP
SAN FRANCISCO

[PROPOSED] STIPULATED PROTECTIVE ORDER
*Dodd-Owens v. Kyphon* – Case No. CV0603988JF

1     Dated: October 21, 2008           DLA PIPER US LLP
                                      SEVERSON & WERSON

2

3                                    By /s/ Rhonda L. Nelson

4                                       RHONDA L. NELSON
                                      Attorneys for Defendant

5                                       Kyphon Inc.

6

7     Dated: October 21, 2008           LAW OFFICES OF GRANT E. MORRIS
                                      LITTON & GEONETTA, LLP

8                                       SANFORD, WITTEL & HEISEL, LLP

9

10                                    By /s/ David Sanford
                                      DAVID SANFORD

11                                       Attorneys for Plaintiffs

12

13          PURSUANT TO STIPULATION, **AS MODIFIED BY THE COURT,**

14   IT IS SO ORDERED this ___ day of _____ October _____ ___ 2008.

15

16                                         _____
                          Magistrate Judge of the United States District Court

17                                         Howard R. Lloyd

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN FRANCISCO

[PROPOSED] STIPULATED PROTECTIVE ORDER
*Dodd-Owens v. Kyphon* – Case No. CV 06 03988 JF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND
BY PROTECTIVE ORDER**

I, _____, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Safronia Dodd-Owens, et al,., v. Kyphon Inc.*; Case Number CV 06 03988 JF. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any Person except in compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement occurs after the termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Protective Order.

Date: _____

City and State where sworn and signed: _____   _____

Printed Name: _____

Signature: _____

DLA PIPER US LLP
SAN FRANCISCO

[PROPOSED] STIPULATED PROTECTIVE ORDER
*Dodd-Owens v. Kyphon* –Case No. CV 06 03988 JF